IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| ALEX DAYTON, Plaintiff, v. EVAN TORKELSON; CADD ENGR SUPPLY INC., dba CES IMAGING; and DOES 1-10, Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE** Case No. 2:20-cv-187 Howard C. Nielson, Jr. United States District Judge |
|---|---|

On February 25, 2020, Plaintiff Alex Dayton filed this action against Evan Torkelson, CADD Engr Supply Inc. and Does 1–10 in Utah state court. *See* Dkt. No. 1 at 2; *see also* Dkt. No. 1-1. Defendants removed this case to federal court on March 19, 2020. *See* Dkt. No. 1 at 2.

Neither party filed a dispositive motion by the May 17, 2021 deadline. *See* Dkt. No. 18. On June 25, 2021, the court ordered the parties to file a joint status report by July 9, 2021. *See* Dkt. No. 25. The parties did not do so. On September 22, 2021, Defendants requested a new scheduling order, explaining that "Defendants' counsel made multiple attempts to contact and confer with Plaintiff's counsel on June 29, 2021, July 1, 2021, July 21, 2021, August 3, 2021 and September 2, 2021." Dkt. No. 27 at 2. Magistrate Judge Oberg then ordered Plaintiff to file a status report by October 22, 2021, "regarding the status of the case and Plaintiff's intentions to proceed." Dkt. No. 28. After Plaintiff failed to respond, Judge Oberg issued an order requiring Plaintiff "to show cause why this case should not be dismissed for failure to prosecute" by November 17, 2021. Dkt. No. 29 at 2. The order warned that "[f]ailure to do so will result in an order dismissing the case." *Id.* As of December 7, 2021, Plaintiff has not responded to this order in any way.

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although the court dismisses this action without prejudice, the court finds that these factors would support dismissal with prejudice, especially given Plaintiff's failure to respond to multiple court's orders—including its order to show cause why this action should not be dismissed for failure to serve or failure to prosecute.

Plaintiff disregarded Judge Oberg's order to submit a status report regarding his intentions to proceed. He then failed to respond in any way to Judge Oberg's order to show cause why this action should not be dismissed for failure to prosecute. Indeed, Plaintiff has not communicated with the court since November 2020, and he has taken no action to advance the litigation since the case was removed to this court. And Plaintiff's silence and inaction has persisted despite clear notice that failure to respond to the court's show cause order would "result in an order dismissing the case." Dkt. No. 29 at 2.

In light of these actions, the court finds that Plaintiff has failed to (1) prosecute this action; (2) comply with this court's orders; or (3) show good cause why this action should not be dismissed. The court will accordingly dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal will be without prejudice.

\*   \*   \*

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 41(b) and DUCivR 41-2 for failure to comply with the court's orders and for failure to prosecute;
2. The Clerk of the Court shall terminate Civil Action 2:20-cv-187; and
3. Each party shall bear its own costs.

DATED this 7th day of December, 2021.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge